IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRYAN KIND,

Plaintiff,

v.

ROCK COUNTY WISCONSIN *et al.*,

Defendants.

ORDER

Case No. 26-cv-707-wmc

---

Plaintiff Bryan Kind, a prisoner in the custody of Dodge Correctional Institution, has submitted a motion for leave to proceed *in forma pauperis*, two motions to waive the filing fee, and a letter explaining the delay in submitting certified copies of his account statements from Dodge Correctional Institution and the Rock County Jail, where plaintiff was confined from June 18, 2026, to August 5, 2026. *See* dkts. 2, 4, 5 and 6. Plaintiff explains that he has $281 — money that is expected to be transferred from Rock County to Dodge — but that he cannot access the money now, nor his account statements, due to jail-to-prison procedural problems. He also explains that he was homeless with no income for more than a year. It appears that plaintiff presently has no means with which to pay the filing fee or make an initial partial payment. Accordingly, the court will grant his motion to proceed without prepaying the filing fee and will not assess an initial partial payment.

Because plaintiff is an inmate, plaintiff is subject to the Prison Litigation Reform Act, which requires the court to screen his complaint to determine whether any portion is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Plaintiff is advised that the full $350 filing fee for

indigent litigants remains plaintiff's obligation even if this court ultimately determines that his complaint cannot go forward. *See* 28 U.S.C. § 1915(b)(2).

ORDER

IT IS ORDERED that:

1. The motion filed by plaintiff Bryan Kind to proceed without prepayment of the filing fee is GRANTED. The court will not assess an initial partial payment.

2. No further action will be taken in this case until the court has screened plaintiff's complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

Entered this 24th day of August, 2026.

BY THE COURT:

s/
ANDREW R. WISEMAN
United States Magistrate Judge